United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Donald M. Cole, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-62814-Civ-Scola |
| State of Florida and Pentagon, | ) |
| Defendants. | ) |

**Order Dismissing Case**

Donald M. Cole has applied to proceed in the district court without prepaying any fees or costs. (Pl.'s Mot., ECF No. 4.) Because Cole has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. Under the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds Cole's complaint (ECF No. 1) fails to state a claim on which relief may be granted, is frivolous, and must be dismissed.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Here, Cole's complaint is handwritten, difficult to follow, and, in places, illegible. He mentions a number of grievances including: having been "cut open for second time with operation"; being the victim of "aggravated stalking, bad psy/op"; "media interactions many for theft, terrorism, degradation"; "house been stolen"; "attempted murder"; "5 famil[y] members dead while exploit[ed] for political purposes"; "theft of over 4 quadrillion in economic impact stolen"; and "have been hit by 10 autos that were not my fault." (Compl. at 4–5.) He also maintains that the NFL, NBA, and MLB are also somehow involved. (Id. at 5.) He lists a number of statutes and bases that he believes entitle him to relief: 42 U.S.C. § 1983; "Bill of Rights Violations of Amendments 1–10"; "the rule of law"; provisions of the FTCA; violation of his due process and equal protection rights;

and "violations of civil liberties especially right to self-defense." He seeks 30 billion dollars in punitive damages and 90 billion dollars in exemplary damages. Much of Cole's complaint is unintelligible.

Cole's complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*. It does not include sufficient factual matter, accepted as true, allowing the Court to reasonably infer what his claim or claims for relief against the Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Even under the relaxed pleading standard afforded to pro se litigants, Cole's pro se complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

The screening provisions of 28 U.S.C. § 1915 also authorize courts to dismiss claims "at any time if the court determines [the action] is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(1). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). "Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990) (citing *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)). "To this end, the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 327. "The frivolousness determination is a discretionary one." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Cole's allegations are "an archetype of 'fantastic or delusional scenarios'" and merit dismissal as factually frivolous. *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687, at *1 (S.D. Fla. Feb. 25, 2008) (Cooke, J.). *See Denton*, 504 U.S. at 33 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."). *See also Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007) (approving the district court's sua sponte dismissal of a complaint that presented "a far-fetched scenario based on assertions of a massive conspiracy to monitor" the plaintiff); *Biton v. Holder*, No. 10-61038-CIV, 2010 WL 4925799, at *1 (S.D. Fla. June 23, 2010) (Moreno, J.) (dismissing a complaint where there were "no

credible factual allegations accompanying the claims"). Because Cole's complaint fails to state a claim for relief and is frivolous, dismissal is appropriate.

Accordingly, the Court **grants** Cole's motion to proceed *in forma pauperis* (**ECF No. 4**), but **dismisses** his case and the complaint (ECF No. 1) without leave to amend. The Clerk is directed to **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on November 18, 2019.

_____
Robert N. Scola, Jr.
United States District Judge